IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DELTAPACK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV591 |
| | ) | |
| JUNGLE GROWTH, LLC, | ) | |
| | ) | |
| Defendant/Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELTAPACK, INC., | ) | |
| ANA RIEVERS MACHOVEC | ) | |
| and JORGE RIEVERS, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on six motions. Defendant Jungle Growth, LLC ("Jungle Growth") filed a Motion to Dismiss or in the Alternative to Transfer [Doc. #5], a Motion to Dissolve Attachment or in the Alternative to Increase the Amount of the Bond [Doc. #11], and a Motion for Reduction of Attachment Amount [Doc. #26]. Plaintiff Deltapack, Inc. ("Deltapack") filed an Alternative Motion for Limited Jurisdictional Discovery [Doc. #15] and a Motion to Dismiss [Doc. #42]. These motions have been fully briefed. In addition, Defendant Jungle Growth filed a Motion for Hearing on Pending Motions [Doc. #48].

This case involves claims filed by Deltapack for breach of contract against Jungle Growth, related to plastic bags provided by Deltapack to Jungle Growth to be used by Jungle

Growth to package Jungle Growth's gardening soil materials for sale at retail home and garden centers including Lowe's Companies.  Deltapack contends that Jungle Growth failed to pay outstanding invoices totaling $151,216.11, and failed to pay $102,129.72 in other costs related to Jungle Growth's alleged termination of the business relationship prior to an agreed-upon three-year term.  The case was originally filed in North Carolina state court, and was removed to this court on the basis of diversity jurisdiction.  Deltapack is a North Carolina corporation, and Jungle Growth is a Georgia limited liability company.  Jungle Growth filed a Motion to Dismiss or Transfer for lack of personal jurisdiction and improper venue.  Jungle Growth subsequently filed an Answer, asserting Counterclaims against Deltapack, and also against Deltapack's officers, Ana Rievers Machovec and Jorge Rievers, alleging that Jungle Growth sustained damages in excess of $1.5 million because the bags supplied by Deltapack were defective.  Specifically, Jungle Growth asserted counterclaims against Deltapack for breach of express and implied warranties, breach of warranty of fitness for a particular purpose, and breach of contract, and asserted counterclaims against Deltapack, Ana Rievers Machovec, and Jorge Rievers for fraud, unfair and deceptive trade practices, and expenses of litigation. Although asserted as counterclaims, Jungle Growth also asserted that Machovec and Rievers should be aligned and listed as Plaintiffs.  Deltapack, Machovec, and Rievers answered the counterclaims, and Machovec and Rievers filed a Motion to Dismiss seeking to be aligned as Defendants on the counterclaims, rather than as Plaintiffs in the suit, and further contending that the case should then be remanded for lack of diversity.

The Court held a hearing on the pending motions on July 19, 2012. At the hearing, the Court found that a period of limited jurisdictional discovery would be necessary before the Court could rule upon Defendant Jungle Growth's Motion to Dismiss or to Transfer [Doc. #5], due to conflicting affidavits on determinative issues, including whether any principals, employees or agents of Jungle Growth have conducted business or had contacts in North Carolina related to this dispute, where the last act necessary to make a binding contract occurred, and the extent and nature of business contacts between Jungle Growth and Lowe's Companies in North Carolina. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) ("When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence. If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." (internal citation omitted)); Brooks v. Motsenbocker Advanced Devs., Inc., 242 F. App'x 889, 890 (4th Cir. 2007) (considering a personal jurisdiction challenge and noting that "because the jurisdictional facts were disputed by conflicting sworn documents, the court should have either resolved the issue in a separate evidentiary hearing or deferred ruling pending receipt at trial of evidence relevant to jurisdiction.")

In light of this determination that at least some discovery would be necessary, and because this case is otherwise joined and ready for full discovery to commence, the Court inquired at the July 19 hearing whether the parties would prefer to engage in full discovery and

3

revisit the motion to dismiss or to transfer following the close of discovery. The parties so agreed, and Defendant Jungle Growth agreed to withdraw its Motion to Dismiss or to Transfer [Doc. #5] without prejudice, in light of the Court's ruling. Therefore, Plaintiff Deltapack's Motion for Limited Jurisdictional Discovery [Doc. #15] will be granted, with the understanding that the parties have elected to engage in full discovery on all issues rather than initial limited discovery, and Defendant Jungle Growth's Motion to Dismiss or to Transfer [Doc. #5] is withdrawn without prejudice to refiling after discovery is closed. The Clerk will set this case for an initial pretrial conference on August 23, 2012. The conference will be cancelled if, prior to that date, the parties file a Joint Rule 26(f) Report as provided in this Court's Local Rules, unless there are any other matters requiring a hearing at that time.

At the hearing on July 19, 2012, the Court also considered a Motion to Dissolve Attachment or in the Alternative to Increase the Amount of the Bond [Doc. #11], and a Motion for Reduction of Attachment Amount [Doc. #26] filed by Jungle Growth. In this regard, the Court notes that when Deltapack filed this action in North Carolina state court, it obtained an order of attachment of Jungle Growth's assets in the amount of $253,345.83 pursuant to N.C. Gen. Stat. § 1-440.12 (2011). Deltapack posted a $200 bond for the order of attachment in state court. After the case was removed, Jungle Growth filed a Motion [Doc. #11] seeking to dissolve the attachment or increase the amount of the bond. Jungle Growth subsequently filed a second Motion [Doc. #26] seeking to reduce the attachment to $151,216.11, which is the amount allegedly owed on the invoices, but which does not include additional amounts related to the alleged early termination of the relationship. At the hearing on July 19, the Court found that the

4

amount of the bond posted by Plaintiff Deltapack should increase to $25,000.00, in light of the amount of the attachment issued by the state court and the cost to Jungle Growth of that attachment. Therefore, the Court will recommend that Defendant Jungle Growth's Motion to Dissolve Attachment or to Increase the Amount of Bond [Doc. #11] be granted to the extent that the bond be increased to $25,000.00. Plaintiff Deltapack should post that bond, which may be secured by surety consistent with Local Rule 65.1.1, within 14 days of the date of this Memorandum Opinion, Order, and Recommendation. At the July 19 hearing, the Court also found that additional discovery is needed before deciding whether the attachment amount should be reduced. Therefore, the Court recommends that Defendant Jungle Growth's Motion for Reduction of Attachment Amount [Doc. #26] be denied without prejudice to refiling the motion following the close of discovery.

Finally, the Court also considered at the hearing the Motion to Dismiss filed by Counterclaim Defendants Jorge Rievers and Ana Rievers Machovec [Doc. #42]. In that Motion, Ana Machovec and Jorge Rievers move to dismiss Jungle Growth's counterclaims and/or to quash the summonses issued to them, to align them as defendants in this action rather than plaintiffs, and to dismiss or remand the counterclaims for lack of subject matter jurisdiction. All of these contentions are based on Ms. Machovec and Mr. Rievers' assertion that Jungle Growth improperly aligned them as plaintiffs upon the filing of the Counterclaim, and that if they are aligned as defendants, complete diversity is defeated.

However, the Court finds that the claims against Ms. Machovec and Mr. Rievers were properly asserted as part of Jungle Growth's compulsory counterclaims under Federal Rule of

5

Civil Procedure 13,[1] and supplemental jurisdiction would extend to the compulsory counterclaims, including the counterclaims that involve the joinder of additional parties. See 28 U.S.C. § 1367(a) (2006) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties"); United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492-93 (4th Cir. 1998); In re Texas Eastern Transmission Corp. PCB Contamination Ins., 15 F.3d 1230, 1238 (3d Cir. 1994); Barber v. American Family Home Ins. Co., 3:11CV2328, 2012 WL 1319474 (D.S.C. Apr. 17, 2012); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1436 at 325, 327 (3d ed. 2010) (explaining that "persons brought into an action under Rule 13(h)" as parties to "a compulsory counterclaim under Rule 13(a)" will "come under the ancillary (now supplemental subject-matter jurisdiction of the court" and "[t]hus, a party can be added for purposes of adjudicating those claims without regard to the party's citizenship or to whether the party is joined pursuant to Rule 19 or Rule 20, since the party's presence will not be deemed to destroy the court's existing jurisdiction" and further noting that enactment of the supplemental jurisdiction statute "laid to rest" all uncertainty on the ability of the courts to assert

---

[1] Rule 13(a) provides that "[a] pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Rule 13(h) further provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."

ancillary jurisdiction over Rule 13(h) parties).[2] For these reasons, the Court will recommend that the motion of Ms. Machovec and Mr. Rievers be denied. However, the Court notes that the caption of this case should be amended to reflect that Mr. Rievers and Ms. Machovec are Counterclaim Defendants only and not Plaintiffs.

IT IS THEREFORE ORDERED that Defendant Jungle Growth's Motion to Dismiss or in the Alternative to Transfer [Doc. #5] is WITHDRAWN without prejudice to it being re-filed following the close of discovery; Plaintiff Deltapack's Alternative Motion for Limited Jurisdictional Discovery [Doc. #15] is GRANTED as noted herein; and this case is SET for Initial Pretrial Conference on August 23, 2012.

IT IS FURTHER ORDERED that to the extent a hearing has been held in this matter, Defendant Jungle Growth's Motion for Hearing [Doc. #48] has been GRANTED.

IT IS RECOMMENDED that Defendant Jungle Growth's Motion to Dissolve Attachment or Increase Amount of Bond [Doc. #11] be granted to the extent that the bond amount be increased to $25,000.00 to be posted within 14 days of the date of this Opinion, and that Defendant Jungle Growth's Motion for Reduction of Attachment Amount [Doc. #26] be denied without prejudice to it being re-filed following the close of discovery.

---

[2] Section 1367(b)(2) provides an exception to supplemental jurisdiction in diversity cases, but only for "claims *by plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." 28 U.S.C. 1367(b)(2); see also United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492-93 (4th Cir. 1998) ("The subsection (b) limitations of supplemental jurisdiction are designed to prevent plaintiffs from circumventing the requirements of diversity.") The § 1367(b) exceptions do not apply in the present case, because the plaintiff, Deltapack, has not attempted to assert claims against Machovec or Rievers. See id. at 493 ("In the case before us, United Capitol, the plaintiff, did not join additional parties nor did it seek to assert claims against any additional parties. It was the Kapiloffs, as the declaratory judgment defendants, who joined the nondiverse insurance brokers as additional parties, naming them counterclaim defendants. Because § 1367(b) does not limit this joinder, we are satisfied that the district court had subject matter jurisdiction over this case.").

7

IT IS FURTHER RECOMMENDED and that the Motion to Dismiss filed by Counterclaim Defendants Ana Rievers Machovec and Jorge Rievers [Doc. #42] be denied. However, the Clerk is directed to modify the caption of this action to reflect Jorge Rievers and Ana Rievers Machovec as Counterclaim Defendants only and not as Plaintiffs.

This, the 20th day of July, 2012.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge